(174 P.3d 891)
No. 94,453

ROBERT MILLER, *Appellee*, v. DAVID MCKUNE, *et al.*, *Appellants*.

Opinion filed March 10, 2006.

*Libby K. Snider,* special assistant attorney general, for appellant.

*Robert Miller,* appellee pro se.

Before BUSER, P.J., LARSON, S.J., and WAHL, S.J.

LARSON, J.: This is an appeal by Warden David R. McKune of the Lansing Correctional Facility (LCF) from the district court's decision granting Robert Miller's petition pursuant to K.S.A. 60-1501.

The record reflects that on November 7, 2004, the LCF issued a disciplinary report to Miller alleging a violation of K.A.R. 44-12-301, C-1, fighting. The disciplinary report was executed under oath and sworn to by CSI C. Nance. The report stated the facts to be as follows:

"On 10/24/04, Wylie requested PC and stated that he was involved in an altercation. Wylie stated that on 10/23/04, he choked Miller out and revived him only to be chased and attacked by Miller. According to Wylie the fight was over the movie 'South Park.' R/O looked into inmate Wylies [*sic*] allegation and discovered that there was an incident that took place at channel six. R/O placed Miller in xseg. pending investigation. During the seg. review hearing Miller admitted that he and Wylie were in an altercation. Miller stated that Wylie had infact [*sic*] choked him out and that they wee [*sic*] involved in a fight. Miller claims it was over Wylie showing 'South Park' when he was not suppose[d] to. Miller felt that Wylie was disrespecting him because he was put in charge by the channel six supervisor to make a schedule of movies to be shown. Based on Miller's own admittance he is being charged with fighting. This case is closed as of 11/07/04."

On November 18, 2004, a disciplinary hearing was held before a hearing officer. The record reflects Miller waived the reporting officer's testifying and the disciplinary report was read into the record.

Miller testified he had planned to report Wylie for showing the movie "South Park" on the institutional broadcasting station because he did not want to take the blame for showing a movie that had been censored. Miller stated Wylie attacked him from behind

and placed him in a choke hold causing him to black out. Miller said he was revived by Wylie and, while he had struggled in self-defense, he never chased or attacked Wylie.

The hearing officer found that Wylie had "choked Miller out" but according to the "report I/M Miller retaliates by chasing and attacking him. I/M claims self defense. The H/O only has these facts before them. I/M Miller and Wylie were involved in a fight over a scheduling conflict. During the review hearing this was admitted to." Miller was found guilty of violating K.A.R. 44-12-301 (fighting). The sanctions set were described as "26 D/S, 60 P/R, $20 fine, C/S op."

The case was reviewed by the warden or his designee. Miller appealed to the Secretary of Corrections. The Secretary upheld the decision as rendered and found the "Hearing Officer's decision was based on some evidence."

Miller then filed a petition under K.S.A. 60-1501 in the district court claiming due process was violated because K.A.R. 44-12-301 permitted an inmate to defend himself or herself, inmate Wylie did not testify, and Officer Nance did not observe the incident and wrote the report after talking to inmate Wylie.

Warden McKune moved to dismiss, contending the disciplinary report showed Miller acknowledged he had been involved in an altercation but claimed self-defense while Wylie said he had been chased and attacked by Miller. The motion relied on *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 627, 24 P.3d 128 (2001), to show due process existed and *Sammons v. Simmons*, 267 Kan. 155, Syl. ¶ 3, 976 P.2d 505 (1999), to contend the relevant question in a prison disciplinary case " 'is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.' "

The warden further alleged it was not a due process violation for the guilty finding to have been entered without direct testimony from inmate Wylie. There was no indication Wylie's testimony would have changed the result of the hearing because by his own admission, Miller was involved in an altercation and the hearing officer was not persuaded by Miller's claim of self-defense.

Miller's response was essentially a restatement of the allegations of his K.S.A. 60-1501 petition.

The trial court denied Warden McKune's motion and set the matter for a hearing. At the hearing, Warden McKune relied on the evidence in the record; the court noted that the appeal of disciplinary proceedings and attached documentation was on the record to determine whether there is some evidence to support the finding of guilt. In his argument, Miller reiterated the same facts he had previously stated and argued he was not guilty of the fighting charge.

The warden argued there was conflicting evidence as to the altercation which the hearing officer resolved against Miller and rejected his self-defense claim. There is some evidence to support the charge, and that is the standard the court is to follow on review. The court asked for clarification that the officer did not testify and the alleged person Miller was fighting did not testify either, and this was confirmed by the warden's counsel.

The court took the matter under advisement and then issued a memorandum decision in which it found there was no evidence to support the finding of the hearing officer that the petitioner had engaged in a violation of K.A.R. 44-12-301. The decision further stated that the only evidence presented at the disciplinary hearing was the evidence presented by the petitioner. The decision recognized that the respondent did cause the original disciplinary report to be read into the record but offered nothing more.

The memorandum decision referenced K.A.R. 44-13-403(l)(2)(A) in stating: "[T]he Court cannot find that the prosecution presented any case . . . . The hearing officer made his finding not on any evidence developed during the hearing but on the disciplinary report. The reporting officer was not shown to be present and available for cross examination." The court held the petition for a writ of habeas corpus should be sustained.

Warden McKune appealed the trial court's decision and argues that under the regulations and applicable law "some evidence" was presented to the hearing officer and the K.S.A. 60-1501 petition should have been denied.

Because of the discipline entered and the allegations of the petition, denial of due process is alleged. This provides jurisdiction to consider Miller's argument. The question of whether due process exists in a set of facts is a question of law upon which our review is unlimited. *Murphy v. Nelson*, 260 Kan. 589, 594, 921 P.2d 1225 (1996).

"The law is clear that an inmate claiming violation of his constitutional rights in a habeas proceeding carries the burden of proof. [Citations omitted.]" *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16, *rev. denied* 262 Kan. 959, *cert. denied* 522 U.S. 958 (1997). *Anderson* is quoted extensively in *Sammons v. Simmons*, 267 Kan. at 158-59, where Justice Abbott opined:

"The applicable standard of review for determining whether an inmate has carried the burden of proof was set out in *Superintendent v. Hill*, 472 U.S. 445, 86 L. Ed. 2d 356, 105 S. Ct. 2768 (1985). This standard was then adopted in *Shepherd v. Davies*, 14 Kan. App. 2d 333, 338, 789 P.2d 1190 (1990). The *Anderson* court quoted the following from the *Hill* case:
' "[T]he requirements of due process are satisfied if *some evidence* supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was *some evidence* from which the conclusion of the administrative tribunal could be deduced . . . .' [Citation omitted.] Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any evidence in the record* that could support the conclusion reached by the disciplinary board. [Citations omitted.]" (Emphasis added.) 472 U.S. at 455-56.' 23 Kan. App. 2d at 807-08.

"In applying the 'some evidence' standard, the *Hill* court held that 'due process did not require evidence that "logically preclude[d] any conclusion but the one reached by the disciplinary board" 472 U.S. at 457. The Court found that "[a]lthough the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." 472 U.S. at 457.' *Anderson*, 23 Kan. App. 2d at 808."

Our Supreme Court in *Murphy*, 260 Kan. at 594-95, summarized the authority for and validity of regulations necessary to maintain good order and discipline in correctional institutions. We are taught to grant deference to the administrative agency's interpre-

tation of its regulations which should not be disturbed unless it is clearly erroneous or inconsistent. 260 Kan. at 595.

An examination of the regulations under which the LCF operates shows that the proceedings leading up to Miller being found guilty of fighting were regularly accomplished and provided due process.

K.A.R. 44-13-201(c)(2) states: "The investigation report may be adopted by the charging officer both as the charge itself and as the officer's sworn statement in lieu of testimony in any case, in accordance with the regulations."

In this case when the sworn statement of the reporting officer was presented, it is valid and persuasive evidence just as if the officer had appeared and testified in person. The district court's finding that Warden McKune presented "no evidence" is not correct and is directly contradicted by a full reading of all of the provisions of K.A.R. 44-13-201.

The record further reflects that Miller signed a waiver of rights dated November 18, 2004, in which it was stated: "I waive reporting officer/reporting staff member testifying (Class I Cases)." This waiver was also acknowledged by Hearing Officer Cooper.

The fact that the disciplinary report is to be considered by the hearing officer is further clarified and confirmed by the provision of K.A.R. 44-13-403(p) which states: "The hearing officer, in deciding whether or not the inmate is guilty, shall consider only the relevant testimony *and report*." (Emphasis added.) It is clear that there was evidence presented to the hearing officer through the interview with inmate Wylie that Miller "chased and attacked" Wylie. The issue was not who instigated the altercation but rather whether Miller was involved in fighting under K.A.R. 44-12-301. There was clearly some evidence that he was. This evidence was properly considered.

The finding which the hearing officer is allowed to make under prison regulations is based on K.A.R. 44-13-403(j), which states: "The hearing officer shall rule on all matters of evidence. Strict rules of evidence, as used in a court of law, shall not be required, but the hearing officer shall exercise diligence to admit reliable and relevant evidence and to refuse to admit irrelevant or unreliable

evidence." Our duties in the consideration of a K.S.A. 60-1501 petition involving disciplinary proceedings in a prison is to give "broad deference to prison officials in maintaining discipline in prison settings." *Anderson*, 23 Kan. App. 2d at 809. The fact we may not have reached the same conclusion as the hearing officer is not material. The crucial fact to be determined is whether there is "some evidence" upon which the decision was reached and that clearly existed under the undisputed facts shown by the record in this case.

The question of self-defense was an issue before the hearing officer. But, by the decision of guilty of fighting being reached, it is clear the existence of this defense was resolved against Miller. The prosecution was not obligated to disprove self-defense, and the hearing officer as the factfinder in a prison disciplinary proceeding resolved this issue.

The trial court is reversed, and the case is remanded with instructions to deny the K.S.A. 60-1501 petition and to reinstate Miller's conviction of fighting in violation of K.A.R. 44-12-301.