NOT DESIGNATED FOR PUBLICATION

No. 114,235

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KENNETH D. LEEK,
*Appellant*,

v.

RANDOLF W. JOHNSON,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed April 15, 2016.
Affirmed.

*Kenneth D. Leek*, appellant pro se.

*Michael J. Smith*, of Kansas Department of Corrections, of El Dorado, for appellee.

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

*Per Curiam*: Kenneth D. Leek an inmate at the El Dorado Correctional Facility, appeals the summary denial of his pro se K.S.A. 2015 Supp. 60-1501 motion. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Leek has been disciplined at least twice for possession of an altered hotpot. Inmates may possess a "non-boiling" hotpot. Kansas Department of Corrections, Internal Management Policies and Procedures § 12-120, Attachment B, p. 4 (2014). In both of the

1

violations described here, Leek possessed a hotpot which had been rewired to bypass the thermostat.

The first violation shown by the record occurred in 2010. The disciplinary report noted that the bypassed thermostat "would allow the water to get much hotter than the manufacturer[']s limit." The reporting officer cited K.A.R. 44-12-902(a)(2), which prohibits "[c]ontraband," defined as "any item that, although authorized, is misused in a way that causes some danger or injury to persons or property." Leek's violation of this subsection was a class II offense. See K.A.R. 44-12-902(c).

Leek repeatedly refused to participate in the disciplinary process for the 2010 violation, including absenting himself from the hearing. The hearing officer found Leek guilty based on a preponderance of the evidence. The record is unclear, but it appears the hearing officer imposed a restriction for 30 days and a $5 fine, one or both of which were suspended for 180 days.

On August 15, 2014, Leek again possessed an altered hotpot. The disciplinary report stated the "hotpot's safety screws had been tampered with and thermostat had been bypassed. This modification allows the hotpot to reach temps higher than the allowable 160 degrees." The reporting officer concluded "these modifications make this item capable of causing damage to person or property." The reporting officer cited K.A.R. 44-12-901(a)(3), which prohibits "[d]angerous contraband," defined as "any item that, although authorized, is misused if the item in its misused form has the characteristics of being able to cause damage or injury to person or property . . . ." Leek's violation of this subsection was a class I offense. See K.A.R. 44-12-901(c). The record memorializes that the hotpot was seized and held for evidence.

On August 16, 2014, a prison official served Leek with the disciplinary report for the 2014 violation. Leek refused to acknowledge receipt of the report. When the prison official asked Leek for a plea, he pleaded not guilty.

On August 19, 2014, a prison official served Leek with an "Inmate Disciplinary Summons" for a hearing on August 20, 2014. Leek refused to acknowledge receipt of the summons. On the same day, however, Leek submitted a request for a continuance of the hearing, "to marshal facts and evidence for the case so I can present a defense to the charge." Leek also asked for a "list of the names, KDOC numbers, and case numbers of the inmates that received class II summary judgment citations and/or disciplinary reports for less dangerous contraband for being in possession of allegedly altered hotpots in 2010." The record does not show a specific administrative action regarding Leek's request for a continuance.

The record shows that on August 20, 2014, Leek appeared at the hearing. Leek asserts on appeal that he appeared by telephone because he is a "long-term administrative segregation inmate." When the hearing officer asked Leek, "Did you have a[n] altered hot pot in your cell?" Leek replied, "Not that I know of."

The hearing officer continued the hearing, and the next day the hearing officer found the "hot pot was indeed altered." Based on that finding, the hearing officer found Leek guilty on a preponderance of the evidence. The hearing officer imposed 15 days in disciplinary segregation and a $10 fine.

Leek initiated an unsuccessful administrative appeal, and he then filed a K.S.A. 2015 Supp. 60-1501 motion in Butler County District Court. Leek named Randolph W. Johnson (apparently the hearing officer for the 2014 violation) as the respondent. The district court issued a writ to Johnson. After considering an "Answer and Return" filed by

3

the Kansas Department of Corrections (KDOC) and a "Traverse" filed by Leek, the district court summarily dismissed the case. Leek appeals.

ANALYSIS

Leek raises several issues on appeal. These issues will be discussed individually.

*Continuance*

Leek contends he "was not allowed to marshal the facts and present a defense to the charge." Leek's argument in its entirety states: "This issue has been thoroughly addressed in the petitioner's original [P]etition and Traverse. So as to not be redundant petitioner incorporates those arguments by reference as though fully set out herein." We decline to consider this argument.

Although Leek appears pro se, he is bound by the same procedural rules as other litigants. See *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007). "An appellant's brief must contain . . . [t]he arguments and authorities relied on . . . ." Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41). To "contain" means: "To have within; hold." The American Heritage Dictionary of the English Language 396 (5th ed. 2011). Leek's brief does not have within it his arguments on this issue.

Instead, Leek directs us to the record of the proceedings below. If we follow Leek's citation to the Petition, we find: "This issue was argued in Issue II of petitioner[']s appeal to the [S]ecretary of [C]orrections. To avoid being redundant petitioner incorporates that argument by reference as though fully set out herein." Leek fails to provide a citation to this third location. So after locating the portion of the record Leek cites, we must search the record to identify the argument he intends to make on appeal.

Our task is only complicated by the fact that Leek does provide *some* argumentation on the record pages he cites. Leek cites the Traverse, for example, but it is not evident how the argument there relates to the present issue on appeal. We would have to sort through the various points Leek makes in the Traverse, identify any which might relate to the present issue, and then integrate them with the Petition and the other pleading the Petition cites, to arrive finally at Leek's argument for appeal.

To engage in this process, we would have to construct Leek's argument for him. But to do so would contradict our duty to "act at all times in a manner that promotes public confidence in the *independence*, *integrity*, and *impartiality* of the judiciary." Kansas Code of Judicial Conduct, Canon 1, Rule 1.2 (2015 Kan. Ct. R. Annot. 753). As a result, Supreme Court Rule 6.02(a)(5) requires the appellant to brief the arguments on appeal. See *State v. Boyd*, 268 Kan. 600, 606, 999 P.2d 265 (2000) ("The briefs should list all of the issues to be argued by the parties and should contain the arguments and authorities for each issue.").

Even if we could construct Leek's appellate arguments while remaining within the bounds of proper judicial conduct, we could only guess at Leek's intent. When this court previously confronted such an abbreviated argument by an appellant, it refused to consider the issue:

> "We confess to being confused as to what appellant is presenting in this issue. The entire argument presented reads: 'For the same reasons as stated above, based on K.S.A. 59-2249 and the *Foss* case, this Court should allow the additional compensation and reimbursement of the executor's fees for Mr. John Petesch for fulfilling his duties as executor of the estate of Lucy Petesch.'
>
> "We would need to speculate as to what additional compensation and reimbursement John is claiming. Supreme Court Rule 6.02(e) (2002 Kan. Ct. Annot. 34) requires the appellant to include his or her arguments in his or her brief. See *Enlow v. Sears, Roebuck & Co.*, 249 Kan. 732, 744, 822 P.2d 617 (1991). A point incidentally

5

raised but not argued is deemed abandoned. *Campbell v. City of Leavenworth*, 28 Kan. App. 2d 120, 126, 13 P.3d 917 (2000), *rev. denied* 270 Kan. 897 (2001). We can proceed no further with this issue." *In re Estate of Petesch*, 31 Kan. App. 2d 241, 248, 62 P.3d 674 (2003).

Similarly, we can proceed no further in analyzing this issue. Leek's attempt to argue by incorporation fails.

As a final point, we note Leek is not a novice in the legal system. He advised the district court: "Petitioner has been incarcerated for nearly two decades and has been litigating nearly as long." The files of this court show Leek has prosecuted, or is prosecuting, numerous appeals. It is not unfair or unreasonable to hold Leek to the well-established rule of Kansas appellate practice: "Failure to brief and argue an issue constitutes a concession of an issue by the parties." *State v. Laborde*, 303 Kan. 1, 7-8, 360 P.3d 1080 (2015). Leek has not shown error.

*Equal Protection*

Leek claims his "right to equal protection of the laws was violated when he was charged with a more serious charge than other inmates similarly situated." Leek's argument in its entirety states: "This issue has been thoroughly addressed in the petitioner's original [P]etition and Traverse. So as to not be redundant petitioner incorporates those arguments by reference as though fully set out herein." We decline to consider this argument for the reasons stated above. See *Laborde*, 303 Kan. at 7-8. Leek has not shown error.

*Sufficiency of the Evidence*

Leek asserts "there was insufficient evidence presented that petitioner's hot pot was dangerous contraband." Leek argues in part: "This issue has been thoroughly

addressed in the petitioner's original [P]etition and Traverse. So as to not be redundant petitioner incorporates those arguments by reference as though fully set out herein." We decline to consider this argument for the reasons stated above. See *Laborde*, 303 Kan. at 7-8.

Leek does brief and present another argument related to this issue, however. He challenges the following reasoning by the district court:  "Petitioner admits to tinkering with the hotpot. Some evidence of guilt." Leek responds:  "There is nothing in the Inmate Rule Book or the prison's internal policies or procedures that makes 'tinkering' with a hot pot tantamount to possession of dangerous contraband."

Kansas law provides: "If the plaintiff is an inmate in the custody of the secretary of corrections and the motion and the files and records of the case conclusively show that the inmate is entitled to no relief, the writ shall be dissolved at the cost of the inmate." K.S.A. 2015 Supp. 60-1505(a). In other words, "[s]ummary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from incontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009). Our standard of review provides that we review a summary dismissal de novo. 289 Kan. at 649. Leek bears the burden of proof. See *Miller v. McKune*, 38 Kan. App. 2d 810, Syl. ¶ 2, 174 P.3d 891 (2006).

"[T]he district court was required to uphold the prison officials' disciplinary action if there was 'some evidence' to support the prison hearing officers' determination . . . ." *Sammons v. Simmons*, 267 Kan. 155, 159, 976 P.2d 505 (1999). Judging from the record, Leek did not admit to tinkering with the hotpot during the disciplinary hearing. The district court was apparently referring to Leek's statement in the Traverse:  "Petitioner readily admits he claims to have repaired a corroded spade connector, not that he tampered with the switch/thermostat."

7

The hearing officer had some evidence that Leek possessed dangerous contraband. The hotpot was seized and held in evidence. The reporting officer indicated that not only had the safety screws been tampered with but the thermostat, in fact, had been bypassed. This modification, based on statements by the reporting officer in his disciplinary report, allowed the appliance to reach temperatures in excess of 160 degrees which could be able to cause damage or injury to persons or property in violation of K.A.R. 44-12-901(a)(3).

Based on the record before the district court, we are persuaded there was some evidence that was sufficient to support the violation.

*Adequacy of the Administrative Record*

Leek claims his "right to due process was violated when the hearing officer failed to prepare a disposition/hearing record that was complete and accurate." Leek's argument in its entirety states:  "This issue has been thoroughly addressed in the petitioner's original [P]etition and Traverse. So as to not be redundant petitioner incorporates those arguments by reference as though fully set out herein." As discussed previously, we decline to consider this argument. See *Laborde*, 303 Kan. at 7-8. Leek has not shown error.

*Improper Defendant*

For his final issue, Leek claims the district court "abused its discretion" by ruling based on the identity of the defendant. The journal entry indicates the district court dismissed in part on the grounds "wrong defendant sued." We exercise unlimited review of a summary dismissal. See *Johnson*, 289 Kan. at 649.

Leek cites K.S.A. 2015 Supp. 60-219 and K.S.A. 2015 Supp. 60-221 and argues dismissal was the wrong remedy for misjoinder. The KDOC makes no response to Leek's

8

point. We need not resolve the issue because, whether Johnson was the correct defendant or not, Leek does not meet his burden to show the district court erred by dismissing his substantive claims on the merits. Since the motion, files, and records of the case conclusively show Leek was entitled to no relief, we affirm the judgment of the district court.

Affirmed.

* * *

ATCHESON, J., concurring:  I concur in the result the majority reaches:  Kenneth D. Leek has failed to demonstrate grounds warranting relief for the discipline imposed on him as an inmate at the state prison in El Dorado for possessing dangerous contraband. The evidence showed Leek had a hotpot that he had altered by jiggering the safety screws and apparently overriding the thermostat. Inmates are permitted to have "non-boiling" hotpots in their cells. Kansas Department of Corrections, Internal Management Policies and Procedures § 12-120, Attachment B, p. 4 (2014). But inmates may not possess "dangerous contraband" that includes "any item that, although authorized, is misused . . . [and] in its misused form has the characteristics of being able to cause damage or injury to persons or property[.]" K.A.R. 44-12-901(a)(3). An appliance that generates heat, such as a hotpot, that has been changed from its manufactured condition poses a fire hazard and related risks associated with overheating—whether the change results from "tampering" as the prison authorities say here or merely from a "repair" as Leek says. That's enough to meet the definition of dangerous contraband in the regulation and enough to support the disciplinary violation. See *Superintendent v. Hill*, 472 U.S. 445, 455-56, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985) (inmate discipline will be upheld in habeas corpus challenge if supported by "some evidence"); *Sammons v. Simmons*, 267 Kan. 155, 158-59, 976 P.2d 505 (1999) (recognizing *Hill* as supplying the governing standard and quoting at length from that decision).

9

But Leek's habeas corpus action, brought under K.S.A. 2015 Supp. 60-1501, should not have been dismissed because he sued the wrong defendant, as, indeed, he did. He should have been allowed to amend the petition to name and serve the proper defendant.

Finally, as to Leek's other contentions, I would not refuse to consider them on the grounds his briefing was inadequate. As outlined in the majority opinion, Leek incorporated by reference arguments he made earlier in the proceedings. That sort of incorporation is not explicitly prohibited in the court rules applicable to appeals. The practice does not, however, comport with the spirit of the rules and runs counter to the idea that a party's argument should be set out in full in an appellate brief. Appellate courts should not be required to work backward through the record to find the source of an argument because a party chooses to incorporate by reference what he or she stated in one or more earlier submissions. A party plainly could not incorporate by reference extended arguments in an effort to evade the limitations on the length of appellate briefs. But that's not what's going on here with Leek.

Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) provides, in part: "Each issue [in the appellant's brief] must begin with . . . a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on." The purpose of the rule is to require an appellant to explicitly show that the issue had been presented to and decided by the district court. But a nonlawyer could read the rule as requiring the citation to the record and at least implicitly allowing the appellant to rely on the argument as it was presented to the district court or an administrative agency. Nonetheless, Leek's brief is deficient. But we could have rejected it for technical defects and afforded him the opportunity to substitute a compliant brief.

I have reviewed the full record—it isn't very long—and find no basis for granting Leek any substantive relief on those points. The hearing record is sufficient for habeas

10

corpus review. Leek was cited for a class I violation. But Leek contends other inmates have been disciplined for less serious class II violations for having altered hotpots. He has not, however, specifically identified anyone he believes was disciplined less severely. Absent some colorable claim of disparity going beyond what amounts to mere speculation, Leek was not entitled to the broad discovery he sought in the disciplinary hearing. Leek's claims based on the denial of his requested continuance to obtain disciplinary records for other inmates and on a purported equal protection violation fail.