NOT DESIGNATED FOR PUBLICATION

No. 118,221

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL L. BERRY,
*Appellant*,

v.

SAM CLINE,
*Appellee*.


MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed April 27, 2018. Affirmed.

*Rhonda K. Levinson*, of Perry and Trent, L.L.C., of Bonner Springs, for appellant.

*Sherri Price*, special assistant attorney general, Lansing Correctional Facility, for appellee.

Before MALONE, P.J., BUSER and GARDNER, JJ.

PER CURIAM: Michael L. Berry appeals the district court's denial of his request for habeas corpus relief under K.S.A. 60-1501. On appeal, Berry contends his due process rights were violated when he received a disciplinary sanction for violating K.A.R. 44-12-903, because there was insufficient evidence establishing that he possessed tobacco. Since the record contains some evidence to support Berry's disciplinary conviction, we conclude that Berry was afforded due process of law. Accordingly, we affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

Berry is an inmate at the Lansing Correctional Facility. On November 28, 2016, a search of Berry's bunk revealed three large knots of tobacco under his pillow. Berry explained the circumstances of the search in his habeas corpus petition.

The tobacco was discovered during a mass shakedown after 24 inmates, including Berry, were removed from their cells. The inmates filed out of the unit so they could be searched. Because Berry's cell was located nearest to the exit door of the unit, the 23 other inmates walked past Berry's cell as they left the unit. Berry's cell was then searched and the tobacco was found under his pillow. Berry was issued a disciplinary report for possession of tobacco contraband in violation of K.A.R. 44-12-903.

At the disciplinary hearing held on December 7, 2016, inmate Kevin Robertson stated that he placed the tobacco under Berry's pillow while on his way to being searched. However, the reporting officer, Officer Sweigart, contradicted Robertson's account when he testified that no other inmate could have placed the tobacco underneath Berry's pillow because "[u]pon entering the pod every inmate had their hands placed behind their heads and lead out. Upon watching the video nobody else went near that bunk."

The hearing officer found that Robertson's account was not credible but Officer Sweigart's testimony supported the violation. Berry was found guilty of violating K.A.R. 44-12-903 and fined $5. Berry appealed his disciplinary conviction to the Secretary of Corrections who reviewed the matter and determined that the conviction was based on some evidence and there was substantial compliance with the requisite procedures. As a result, the Secretary of Corrections approved the hearing officer's decision.

On February 10, 2017, Berry filed a habeas corpus petition in the district court. Relevant to this appeal, Berry contended there was insufficient evidence to support his

conviction because the tobacco was discovered in a common area where 23 other inmates had access to his cell. Moreover, he complained that his due process rights were violated because the hearing officer disregarded the exculpatory evidence of Robertson's admission without explanation.

A hearing on Berry's petition was held on July 20, 2017. At the hearing, Berry argued that the tobacco was discovered in a common area and that he was unaware the tobacco was under his pillow. Berry also submitted an affidavit from Robertson in which Robertson admitted he placed the tobacco under Berry's pillow. The district court filed a written decision denying Berry's habeas corpus petition. The district court found there was some evidence to support the disciplinary conviction and held that Berry's due process rights were not violated during the proceedings. Berry appeals.

BERRY'S DISCIPLINARY CONVICTION WAS SUPPORTED BY SOME EVIDENCE

On appeal, Berry contends that his right to due process was violated because the evidence before the hearing officer was insufficient to support his disciplinary conviction. The issue of whether due process has been afforded is a question of law subject to our unlimited review. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

In prison disciplinary proceedings, due process requirements are satisfied if "some evidence" supports the disciplinary decision. *May v. Cline*, 304 Kan. 671, 674, 372 P.3d 1242 (2016). When determining whether this standard is satisfied, appellate courts do not review the entire record, make an independent assessment of witness credibility, or reweigh the evidence. The relevant question is simply whether there is any evidence in the record to support the conclusion reached by the disciplinary authority. 304 Kan. at 674 (quoting *Sammons v. Simmons*, 267 Kan. 155, Syl. ¶ 3, 976 P.2d 505 [1999]).

In this case, Berry was found guilty of violating K.A.R. 44-12-903, which deems it a violation for an inmate to "possess, hold, sell, transfer, receive, control, or distribute tobacco products . . . ." K.A.R. 44-12-903(b). Berry does not dispute that tobacco was found under his pillow. Berry's only challenge is that there was not some evidence that he possessed, held, or controlled the tobacco. Specifically, Berry argues that because 23 other inmates passed by his bunk as they were exiting the unit during the shakedown, the probability that the contraband belonged to him was too low to constitute some evidence of possession.

In support, Berry relies on *Hamilton v. O'Leary*, 976 F.2d 341 (7th Cir. 1992). In *Hamilton*, a prisoner was found guilty of possessing dangerous contraband after officers had located weapons in a vent that served 32 inmates. 976 F.2d at 343. In dicta, the court noted that "if, as Hamilton alleges, the weapons could have been tossed in the vent by any one of 32 inmates, then there is only a 3.1% chance that Hamilton is guilty; we doubt that a 3.1% chance is 'some evidence' of guilt." 976 F.2d at 345. Berry asserts that because, according to his calculations, there is only a 1 in 23 chance that the tobacco belonged to him, the evidence of his possession was too slight to amount to some evidence.

The facts in this case are easily distinguishable from those in *Hamilton*. Unlike the court's hypothetical discussion in *Hamilton*, where each inmate had equal access to a common area, the tobacco was found under Berry's pillow and in an area of his personal control. When contraband is located within a prisoner's sphere of control, the mere fact that others may have access to the area does not render the hearing officer's decision to impose a sanction on the prisoner devoid of evidentiary support. *Calhoun v. Secretary of Corrections*, No. 111,977, 2015 WL 1310962, at *3 (Kan. App. 2015) (unpublished opinion); *Foster v. McKune*, No. 105,831, 2012 WL 603296, at *3 (Kan. App. 2012) (unpublished opinion).

Even if the location where the tobacco was found was not exclusively within Berry's control, prison officials are not required to present evidence that excludes every reasonable conclusion other than the conclusion drawn by the hearing officer. *Calhoun*, 2015 WL 1310962, at *3. Moreover, Berry's argument ignores Officer Sweigart's testimony that no other inmate could have placed the tobacco under Berry's pillow given his observations and video evidence.

An inmate claiming a violation of his or her constitutional rights in a habeas proceeding carries the burden of proof to show a violation of due process. *Miller v. McKune*, 38 Kan. App. 2d 810, 814, 174 P.3d 891 (2006). Despite Berry's contentions, the discovery of tobacco under his pillow and Officer Sweigart's testimony amounted to some evidence supporting his disciplinary conviction. Accordingly, Berry has failed to show a violation of due process and we affirm the district court's denial of Berry's K.S.A. 60-1501 petition.

Affirmed.