NOT DESIGNATED FOR PUBLICATION

No. 118,699

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JEREMIAH REED,
*Appellant*,

v.

SAM CLINE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed October 12, 2018. Affirmed.

*Jeremiah Reed*, appellant pro se.

*Sherri Price*, legal counsel and special assistant attorney general, of Lansing Correctional Facility, for appellee.

Before BRUNS, P.J., MCANANY, J., and BURGESS, S.J.

PER CURIAM: Inmate Jeremiah Reed received a disciplinary report after being seen with a cell phone and a green leafy substance in his cell. After the district court ordered the prison disciplinary board to conduct a new hearing to consider Reed's request to call an inmate witness, the hearing officer found Reed guilty of the violations. On appeal, Reed asserts in his K.S.A. 60-1501 petition that his due process rights were violated during the disciplinary hearing process. We find that Reed received the due process due to him under the circumstances and that the district court did not err in dismissing Reed's K.S.A. 60-1501 petition.

1

According to the disciplinary report, Officer Pellegrino and another prison officer were about to enter Reed's cell when they witnessed him throw a cell phone and phone charger out of his cell. After the officers entered the cell, Reed removed his shirt for a search and officers found a bag containing a green leafy substance. Reed subsequently received a disciplinary report alleging violations of K.A.R. 44-12-901, Dangerous Contraband, and K.A.R. 44-12-211(b), Telephones or Other Communication Devices.

In preparation for the disciplinary hearing, Reed submitted several requests. Reed's request for documentary evidence was not approved because there was not any documentary evidence known to the hearing officer, and his requests for proof of evidence and video evidence were approved. That said, after two prison employees viewed the video evidence, they determined that it was inconclusive. Later, Reed argued that he submitted a witness request for an inmate named Cleveland Henderson to testify, but Warden Sam Cline and the prison officials denied receiving this request.

At the hearing, the disciplinary report was read into the record. Officer Pellegrino testified that he saw Reed throw a cell phone out of his cell and that Reed dropped the bag containing a green leafy substance. When Reed testified, he denied throwing a phone out of his cell and he denied that the green leafy substance was in his cell. At the end of the hearing, the hearing officer found it more likely than not that Reed was guilty of the violations and sanctioned him with 180 days of lost good time credits, 60 days of restricted privileges, and a $20 fine.

Reed appealed his disciplinary conviction to the Secretary of Corrections. The Secretary denied the appeal, finding that the hearing officer substantially complied with departmental and facility standards and procedures and that the hearing officer's decision

was based on some evidence found to support the disciplinary conviction. Reed then filed a petition for writ of habeas corpus under K.S.A. 60-1501. In it, Reed claimed that his

> "due process rights were violated when he was denied the right to call witnesses, be informed of what the hearing officer viewed on the security video, prepare and execute a viable defense and to marshall the facts before an impartial hearing officer before he was deprived of constitutionally protected liberty and property interest."

In response, Cline filed a motion to dismiss Reed's K.S.A. 60-1501 petition for failure to state a claim upon which relief could be granted. Cline stated that all of Reed's witness and evidentiary requests were addressed before the hearing and that Reed made no other requests for witnesses—Henderson or otherwise—before the hearing. Cline also argued that there was some evidence to support the disciplinary conviction and that Reed failed to submit sufficient evidence of the alleged bias of the hearing officer.

The district court held a hearing on Reed's petition. At the hearing, Reed argued that the hearing officer was biased, that the hearing officer needed to comment on what he saw on the video footage and why it was inconclusive, that there was insufficient evidence to find him guilty, and that his request for Henderson to testify was improperly denied. After the parties discussed their disagreement about whether Reed submitted a timely request for Henderson to be called as a witness, the district court ordered Cline to provide a response addressing Reed's request for Henderson's testimony.

Following the district court's hearing, Reed filed a "Motion to Reply" that further clarified the disagreement between the parties regarding Reed's witness request. Reed claimed that he requested inmate Henderson be called as a witness in the disciplinary hearing and that prison officials did not explain why they denied his request. Cline countered by contending that Reed submitted no request for inmate Henderson and that the hearing officer addressed all of Reed's requests before his disciplinary hearing.

3

Finally, Cline argued that Henderson would not have provided relevant evidence to the charge, as Henderson's cell was located above Reed's cell and Henderson was not otherwise present during the incident.

The district court held a hearing on Reed's request for Henderson's testimony. The court found that the record did not show whether Reed's request for Henderson to testify was considered or denied. The district court remanded the case for "consideration of the request for witness 'inmate Henderson' [to] testify for the petitioner unless good cause is shown not to allow that testimony to be presented and considered."

In accordance with the district court's order, the KDOC held a rehearing on Reed's alleged disciplinary violation. At this hearing, Reed and Henderson testified. Reed denied possessing a green leafy substance, having a cell phone, and throwing a cell phone out of his cell. Henderson testified that the cell phone was his and that he threw the phone out of his cell, which was located on the tier above Reed's cell. However, Henderson testified he did not know the cell phone number or the code or pattern to open the cell phone. Henderson also denied knowing anything about the green leafy substance in Reed's cell. Reed commented that he wished he could have questioned Officer Pellegrino, the reporting officer, but the hearing officer noted that Reed was given that opportunity at the first hearing. Officer Pellegrino was unavailable during the hearing under K.A.R. 44-13-404(b)(1)(C), but the hearing officer considered the testimony from the first hearing and the sworn written testimony from the disciplinary report. At the end of the hearing, the hearing officer found Reed guilty. In doing so, the hearing officer noted that he did not find Henderson's testimony that he threw the cell phone credible, as a reasonable person would not believe that someone could throw a cell phone from the second tier without causing it to crack or break. The hearing officer imposed Reed's original sanctions.

The matter returned to the district court for a final hearing on September 12, 2017. Cline informed the court that Henderson testified in the remanded hearing, per Reed's

4

request, and Cline provided a copy of the hearing notes to the court. The district court found that Cline and KDOC complied with due process in the remanded hearing by considering Henderson's testimony and that Reed failed to present sufficient evidence of any irregularity in the hearing process. The district court found there was some evidence to support the hearing officer's findings and denied Reed's K.S.A. 60-1501 petition, dismissing the case. Reed appeals.

*Discussion*

On appeal, Reed claims that the district court erred when it dismissed his K.S.A. 60-1501 petition and alleges that his due process rights were violated during the disciplinary process. We have unlimited review over the legal question of whether he has been afforded due process. See *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 627, 24 P.3d 128 (2001). In considering Reed's due process claim, we apply a two-step analysis. First, we determine whether the State has deprived Reed of life, liberty, or property. If so, we then determine the extent and nature of the due process due. *Johnson v. State*, 289 Kan. 642, Syl. ¶ 3, 215 P.3d 575 (2009); *Hogue v. Bruce*, 279 Kan. 848, 850-51, 113 P.3d 234 (2005).

To establish a claim for a violation of due process in a habeas corpus proceeding, an inmate must establish a deprivation of a recognized liberty or property interest. *Hogue*, 279 Kan. at 850-51. Reed lost good time credits and was imposed with a fine, both of which are liberty interests that implicate due process. *Kesterson v. State*, 276 Kan. 732, Syl. ¶ 2, 79 P.3d 1074 (2003) (good time credits); *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16 (1997) (monetary fine).

Because Reed sufficiently established an implicated liberty or property interest, we next must determine the extent and nature of the due process that was rquired. In prison disciplinary proceedings, the prisoner is not afforded the full panoply of rights that

5

a defendant in a criminal proceeding is afforded. *Hogue*, 279 Kan. at 851 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 [1974]). Instead, an inmate's limited rights in a prison disciplinary proceeding include an impartial hearing, written notice of the charges, a written statement of the findings by the fact-finders as to the evidence and the reasons for the decision, and the opportunity to call witnesses and present documentary evidence. *Hogue*, 279 Kan. at 851 (quoting *Pierpoint*, 271 Kan. at 627).

Reed claims that his right to due process was violated for several reasons. First, he claims that Officer Pellegrino was not in the best visual position to see and report the incident. This, essentially, is a sufficiency of the evidence argument. When we review this type of claim, we determine whether some evidence supports the decision by the prison disciplinary board. *Miller v. McKune*, 38 Kan. App. 2d 810, 814, 174 P.3d 891 (2006). We do not reexamine the entire record, make an independent assessment of the credibility of witnesses, or reweigh the evidence, and we give broad deference to prison officials maintaining discipline in prison settings. *Sammons v. Simmons*, 267 Kan. 155, Syl. ¶ 3, 976 P.2d 505 (1999); *Anderson*, 23 Kan. App. 2d at 807-08. Due process does not require that the evidence preclude other possible outcomes, only that the evidence supports the conclusion reached by the disciplinary authority. *May v. Cline*, 304 Kan. 671, Syl. ¶ 1, 372 P.3d 1242 (2016).

We are satisfied that some evidence supports the conclusion reached by the disciplinary officer. The hearing officer heard the disciplinary reports and considered the reporting officer's prior sworn written testimony from the first hearing. The hearing officer heard testimony from Reed and Henderson but found neither credible. Reed failed to account for the green leafy substance in his cell, and Henderson's claim that the cell phone was his and that he threw it from the second tier of cells was not believable. We cannot say that the record is so devoid of evidence that the hearing officer's findings were

6

without support or was otherwise arbitrary. Some evidence supports the conclusion reached by the disciplinary officer, and we will not disturb that conclusion on appeal.

Reed also argues that he was denied due process because he did not receive a fair hearing by an impartial hearing officer. He claims that "[t]he second hearing officer merely rubber stamped the first hearing officer's findings of guilty and totally disregarded Petitioner's witness." Reed has not sufficiently alleged that the hearing officer was biased as he has not shown that the hearing officer harbored hostility or ill will against him. The hearing officer considered the sworn written testimony from the disciplinary report and the testimony from both hearings to make his own determination. The fact that the hearing officer did not find Reed or Henderson credible is not a judgement call that we revisit on appeal. From a review of the record, we find no evidence of bias or prejudice on the part of the hearing officer. Reed's general allegation does not show that he did not receive a fair hearing.

Reed also argues that he was denied due process because he was not able to testify on his own behalf. This is not true. Reed was given the opportunity to testify in both hearings. Next, Reed argues that he was denied due process because he was not able to confront and cross-examine Officer Pellegrino. While the officer was unavailable for the second hearing, Reed was able to cross-examine Officer Pellegrino during the first hearing. The hearing officer from the second hearing considered the testimony from the first hearing, which included Officer Pellegrino's testimony and Reed's cross-examination of the officer. Reed is not entitled to relief on this claim. See *Whitney v. McKune*, No. 104,624, 2011 WL 420740, at *2 (Kan. App. 2011) (unpublished opinion).

Finally, Reed argues that he was denied due process because he was not furnished with staff assistance in accordance with K.A.R. 44-13-408. However, K.A.R. 44-13-408 states the hearing officer should appoint a staff member to assist an inmate at a disciplinary hearing if circumstances exist that impair the inmate's ability to participate

meaningfully in his or her defense. No evidence suggests that any circumstances existed that affected Reed's ability to participate meaningfully in his defense. Reed testified, questioned officers, spoke on his own behalf, and filed motions and objections. There is no indication in the record that Reed asked for assistance, and Reed does not argue why he deserved staff assistance. No evidence supports Reed's contention that his due process was denied because prison officials did not furnish him with staff assistance.

Reed has failed to show a violation of his due process rights. We affirm the district court's denial of Reed's K.S.A. 60-1501 claim.

Affirmed.