IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 110,095

WILLIAM MAY,
*Appellee,*

v.

SAM CLINE,
*Appellant.*

SYLLABUS BY THE COURT

1.

Due process is satisfied in the context of an inmate disciplinary proceeding if there is any evidence in the record, even evidence which could be characterized as meager, that could support the conclusion of the disciplinary authority. Due process does not require that the evidence preclude other possible outcomes or conclusions, only that the evidence provides some support for the conclusion reached by the disciplinary authority such that the decision is not arbitrary.

2.

The interpretation of a regulation is a question of law. Courts owe no deference to an agency's interpretation of its own regulations and exercise unlimited review over such questions.

3.

K.A.R. 44-12-301 clearly and unambiguously makes the absence of self-defense an element of the offense itself. Therefore, to support an alleged violation of K.A.R. 44-12-301 the disciplinary authority must provide some evidence to disprove self-defense.

1

Review of the judgment of the Court of Appeals in an unpublished opinion filed April 25, 2014. Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed June 17, 2016. Judgment of the Court of Appeals reversing and remanding the district court is reversed. Judgment of the district court is affirmed.

*Jon D. Graves*, of Kansas Department of Corrections, argued the cause and was on the briefs for appellant.

*Shawn P. Lautz*, of Lautz Law, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.: William May was an inmate at the Larned Correctional Facility when he was involved in an altercation with another inmate, Jason Dale. May was ultimately disciplined for violating K.A.R. 44-12-301, the regulatory prohibition on fighting. After exhausting his administrative remedies, May sought relief through this K.S.A. 60-1501 petition filed against Sam Cline, the warden of the Hutchinson Correctional Facility where May is currently incarcerated. May alleged his due process rights were violated because the finding by the hearing officer that May violated K.A.R. 44-12-301 was not supported by any evidence. The district court agreed with May, but on appeal, the Court of Appeals reversed the district court. We granted May's petition for review, and we reverse the Court of Appeals and affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

K.A.R. 44-12-301 states:

"Fighting or other activity which constitutes violence, or which is likely to lead to violence, is prohibited unless such activity is in self-defense. Violation of this rule shall be a class I offense."

The facts as established during the hearing are not in dispute, though the legal significance of those facts is contested by the parties as a matter of law. After the altercation between May and Dale had already begun, correctional officer Tracy Guesnier arrived on the scene. Guesnier's disciplinary report states:

"On 11-9-2012 I COI Guesnier Tracy was escorting inmates from west unit to LSH main cafeteria . . . . I noticed two inmates wrestling and throwing punches at each other . . . . I yelled several times to break it up, but neither inmate separated and punches were still being thrown. Both inmates wrestled off the sidewalk to the west. Again I was telling both inmates to stop and that I would use the pepper spray. Inmate continued wrestling where from my advantage Dale was the aggressor and his face was towards me I then used two 1 second burst and inmates were not separating I then used another 1 second spray. Demands were still given to separate and finally Dale said I am done. Both inmates were handcuffed and escorted to central unit. Inmates were Jason Dale #100165, William May #96951."

At the disciplinary hearing, Guesnier testified his report was accurate and truthful. Guesnier said that he could not tell who was fighting at first and that Dale "seemed to be the aggressor." Even after several loud commands to break it up and the use of pepper spray, the fight did not stop until Dale said "'I'm done.'" Guesnier was asked whether he could tell if May was defending himself and responded, "'No, the fight was already going when I noticed it I have no idea who started it.'"

May testified that he was attacked by Dale, and he did not know why. The hearing officer's report describes May as stating that he was "just trying to hold on until help arrived but every time [May] would let up Dale would come back at him." The hearing officer concluded that "with no evidence to prove self-defense" May would "be looked upon as being involved in a fight."

Upon this evidence, the hearing officer concluded:

"Based on the preponderance of this evidence it is believed to be more true than not that inmate May was involved in violence and that he was involved in a physical altercation with inmate Dale. That there is no evidence available to show that inmate May was simply defending himself. Therefore a finding of guilty was rendered."

The Reno County District Court conducted a hearing on May's K.S.A. 60-1501 petition and ultimately issued an order reversing the hearing panel's findings as follows:

"[T]he hearing officer could and should have recognized that the respondent had the right of self-defense unless the preponderance of evidence showed that the other inmate was not the aggressor. The government had the burden of proof. Likewise, as to whether the petitioner failed to stop fighting when ordered to do so, the government had the burden of proof to show that the respondent unreasonably continued to fight when he could have complied with the order without reasonable belief that he would receive further blows from the other inmate. The hearing officer made no attempt to evaluate the reasonableness of the petitioner's stated belief that he was the victim of an aggression by the other inmate and entitled to use self-defense. The hearing officer made no attempt to evaluate whether the petitioner unreasonably failed to stop fighting when he could have done so safely. Therefore, the hearing officer could not have reasonably found the petitioner guilty. The conviction is therefore reversed."

4

Cline appealed this ruling, and the Court of Appeals reversed, holding:

"It is clear from the record that there was some evidence to support the hearing officer's finding that May was involved in a fight. As was the case in *Miller* [*v. McKune*], 38 Kan. App. 2d [810,] 816, [174 P.3d 891 (2006),] the question of self-defense was an issue before the hearing officer because May asserted that he acted in self-defense at the hearing. But, by the decision of guilty of fighting being reached by the hearing officer, it is clear the existence of this defense was resolved against May. Contrary to the findings by the district court, there was no evidence regarding who started the fight. *KDOC was not obligated to disprove self-defense*, and the hearing officer as the factfinder in a prison disciplinary proceeding resolved this issue." (Emphasis added.) *May v. Cline*, No. 110,095, 2014 WL 1708027, at *3 (Kan. App. 2014) (unpublished opinion).

We granted May's petition for review, and we now reverse the judgment of the Court of Appeals and affirm the district court's ruling.

ANALYSIS

Disciplinary decisions concerning inmates in the custody of the State are generally not subject to judicial review. K.S.A. 2015 Supp. 77-603(c)(2) (exempting discipline of persons in the custody of the Secretary of Corrections from the Kansas Judicial Review Act). To obtain relief, an inmate must demonstrate a constitutional violation. Here, the lower courts properly construed May's claim as arising under the Due Process Clause of the Fourteenth Amendment to the United States Constitution given that he claims a lack of evidence to support the alleged violation. "The requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ." *Sammons v. Simmons*, 267 Kan. 155, Syl. ¶ 3, 976 P.2d 505 (1999). Moreover,

"[t]his standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced. Ascertaining whether this standard is satisfied

5

does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Sammons*, 267 Kan. 155, Syl. ¶ 3.

The United States Supreme Court has also discussed the applicable standard:

"The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing. Although the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Superintendent v. Hill*, 472 U.S. 445, 457, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985).

Thus, due process is satisfied in the context of an inmate disciplinary proceeding if there is any evidence in the record, even evidence which could be characterized as meager, that could support the conclusion of the disciplinary authority. Due process does not require that the evidence preclude other possible outcomes or conclusions, only that the evidence provides some support for the conclusion reached by the disciplinary authority such that the decision is not arbitrary.

In this case, the outcome turns on what, specifically and as a matter of law, had to be shown to support a finding that May violated K.A.R. 44-12-301. The parties agree, as do we, that the question comes down to which party bears the burden to prove or disprove May's claim of self-defense. The Court of Appeals panel ruled that "KDOC was not obligated to disprove self-defense." *May*, 2014 WL 1708027, at *3. This is consistent with the holding of prior panels of the Court of Appeals. See, *e.g.*, *Miller v. McKune*, 38 Kan. App. 2d 810, 816, 174 P.3d 891 (2006) ("The question of self-defense was an issue

before the hearing officer. But, by the decision of guilty of fighting being reached, it is clear the existence of this defense was resolved against Miller. The prosecution was not obligated to disprove self-defense."). The Court of Appeals reasoned from this premise to the logical conclusion that the "some evidence" standard had been met in May's case given the undisputed fact that May and Dale were fighting. May, however, continues to challenge the premise itself.

The interpretation of a regulation is a question of law. See *Murphy v. Nelson*, 260 Kan. 589, 594, 921 P.2d 1225 (1996). Cline asks us to show deference to the agency interpretation of K.A.R. 44-12-301; however, we have recently resoundingly rejected the doctrine of deference to an agency on questions of law. *Douglas v. Ad Astra Information Systems*, 296 Kan. 552, 559, 293 P.3d 723 (2013) (doctrine of operative construction has "been abandoned, abrogated, disallowed, disapproved, ousted, overruled, and permanently relegated to the history books"); *Coleman v. Swift-Eckrich*, 281 Kan. 381, 383, 130 P.3d 111 (2006) (recognizing that the doctrine of operative construction applied to agency interpretations of both statutes and regulations). We therefore owe no deference to an agency's interpretation of its own regulations and exercise unlimited review over such questions.

At common law, self-defense was always an affirmative defense. "[T]he common-law rule was that affirmative defenses, including self-defense, were matters for the defendant to prove." *Martin v. Ohio*, 480 U.S. 228, 235, 107 S. Ct. 1098, 94 L. Ed. 2d 267 (1987). The burden of proof rule arises directly out of the nature of affirmative defenses—*i.e.*, affirmative defenses (or the lack thereof) are neither elements of the alleged offense nor do they negate any element of the offense. Rather, affirmative defenses provide a legally recognized justification for the action such that the actor cannot be held criminally or civilly liable. See, *e.g.*, *United States v. Corrigan*, 548 F.2d

879, 883 (10th Cir. 1977) ("An affirmative defense admits the defendant committed the acts charged, but seeks to establish a justification or excuse.").

The law of self-defense pertaining to criminal acts in Kansas has been modified such that a burden-shifting scheme is now employed. A defendant claiming self-defense must first meet the burden to come forward with some competent evidence in support of the claim, and thereafter, "the state has the burden of disproving the defense beyond a reasonable doubt." K.S.A. 2015 Supp. 21-5108(c).

But in this case, these rules must give way to the plain language of the regulation we are considering. Here, K.A.R. 44-12-301 clearly and unambiguously makes the absence of self-defense an *element* of the offense itself. See, *e.g.*, *State v. Messer*, 278 Kan. 161, 164, 91 P.3d 1191 (2004) (quoting *State v. Sweat*, 30 Kan. App. 2d 756, 760, 48 P.3d 8 [2002]) ("'[A]ll crimes are statutory and the elements necessary to constitute a crime must be gathered wholly from the statute.'"). The presence of the language "unless such activity is in self-defense" establishes a burden on the disciplinary authority to prove the "activity" was not "in self-defense." See K.A.R. 44-12-301; *State v. Longoria*, 301 Kan. 489, 518, 343 P.3d 1128 (2015) (State has the burden of proving all elements of the crime charged).

When we evaluate the evidence in the record before us in light of a proper understanding of the regulation May was alleged to have violated, we have no difficulty concluding that there was no evidence whatsoever presented to the hearing officer that May did not act in self-defense. The quantum of evidence to support a disciplinary action is slight, but even so, the record here discloses nary a scintilla of evidence on which a reasonable hearing officer could conclude that May was not acting in self-defense. This is hardly surprising given that neither the disciplinary authorities nor the hearing officer believed the regulation demanded such evidence. Nevertheless, the regulation at issue

8

was promulgated by the Department of Corrections and the Department must abide by its language.

May was not accorded due process when he was found to have violated K.A.R. 44-12-301 despite a complete failure of proof of one of the elements of the offense. The judgment of the Court of Appeals is reversed, and the judgment of the district court is affirmed.