NOT DESIGNATED FOR PUBLICATION

No. 116,566

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STEVEN HERNANDEZ, JR.,
*Appellant*,

v.

RAY ROBERTS, *et al.*,
*Appellees*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed March 3, 2017. Reversed and remanded with directions.

*M. Blake Cooper*, of Cooper Law Offices, LLC, of Andover, for appellant.

*Fred W. Phelps, Jr.*, legal counsel, of Kansas Department of Corrections, for appellees.

Before ARNOLD-BURGER, C.J., ATCHESON and BRUNS, JJ.

*Per Curiam*:  Steven Hernandez appeals the district court's summary dismissal of his K.S.A. 2015 Supp. 60-1501 petition. On appeal, Hernandez alleges that the El Dorado Correctional Facility did not have sufficient evidence to conclude that he possessed dangerous contraband in violation of K.A.R. 44-12-901. He also alleges that the State violated his constitutional right to due process during the prison disciplinary proceedings. For the reasons set forth in this opinion, we find that there was not sufficient evidence presented upon which a reasonable person could find that Hernandez possessed dangerous contraband, as that term is defined by the regulation. Thus, we reverse the dismissal of the K.S.A. 60-1501 petition and remand this matter with directions.

1

FACTS

Hernandez is a prisoner at the El Dorado Correctional Facility. On May 18, 2015, an Activities Supervisor found an unknown liquid substance in Hernandez' cabinet in the hobby craft room of the prison. The Supervisor tested the substance for alcohol and, according to the Disciplinary Report, the "results came back positive at a .08%." Believing the substance to be dangerous contraband, the Supervisor filed a Disciplinary Report charging Hernandez with violating K.A.R. 44-12-901.

In his defense, Hernandez alleged that the substance found in his locker in the hobby room was "zap glue" that he was using in an art project. On May 22, 2015, a disciplinary hearing was held. At the beginning of the hearing, Hernandez orally requested a continuance because a witness he had requested was not present. However, the hearing officer denied the request and the hearing proceeded.

The hearing officer's notes do not provide much information regarding what evidence was presented at the hearing. In addition to the information contained in the Disciplinary Report, it appears that the Supervisor testified at the hearing that the substance found in Hernandez' art cabinet "smelled like soap." At the conclusion of the hearing, the hearing officer found Hernandez guilty, by a preponderance of the evidence, of possessing dangerous contraband.

Hernandez subsequently filed an appeal with the Secretary of Corrections. After the Secretary of Corrections denied his appeal, Hernandez filed a pro se K.S.A. 2015 Supp. 60-1501 petition in district court on July 7, 2015. The district court summarily dismissed the petition on November 23, 2015. Thereafter, Hernandez timely filed his appeal to this court.

ANALYSIS

On appeal, Hernandez raises two issues: (1) whether the district court erred in determining there was sufficient evidence to support the findings of the disciplinary hearing; and (2) whether the district court erred by failing to consider Hernandez' claims that the State violated his due process rights when he was denied access to a witness.

We exercise unlimited review when considering a summary dismissal of a K.S.A. 60-1501 petition. *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009). In the context of inmate disciplinary proceedings, due process requirements are satisfied if some evidence supports the correctional tribunal's decision. *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16 (1997). When determining whether this standard is satisfied, the relevant question is whether there is any evidence in the record to support the conclusion reached by the disciplinary authority. *May v. Cline*, 304 Kan. 671, 674, 372 P.3d 1242 (2016).

Here, the State charged Hernandez with possessing dangerous contraband, which is defined in K.A.R. 44-12-901(a):

> "(1) Any item, or any ingredient or part of or instructions on the creation of an item, *that is inherently capable of causing damage or injury to persons or property*, or is capable or likely to produce or precipitate dangerous situations or conflict, and that is not issued by the department of corrections or the facilities, sold through the canteen, or specifically authorized or permitted by order of the secretary of corrections or warden for use or possession in designated areas of the facility." (Emphasis added.)

Here, we find nothing in the record to support a conclusion that the liquid substance found in Hernandez' art cabinet to meet this definition of dangerous contraband. In particular, there is nothing in the record to support a conclusion that the substance was "inherently capable of causing damage or injury to persons or property" as

3

required by K.A.R. 44-12-901. Furthermore, we find nothing in the record to suggest that Hernandez attempted to consume or otherwise improperly use the solution. At most, the evidence shows that the Supervisor found a substance that "smelled like soap" and that it contained ".08%" alcohol. It is important to note that this is the equivalent of .0008 or eighth ten-thousandths.

As this court has found, alcohol can constitute dangerous contraband as defined by K.A.R. 44-12-901. *Ditges v. Roberts*, No. 102,756, 2010 WL 1687902 (Kan. App. 2010) (unpublished opinion) (upholding a violation of K.A.R. 44-12-901 for possession of a .3% alcohol solution). Nevertheless, we can find no Kansas case holding that a substance with an alcohol content as low as .08% constitutes dangerous contraband. To put the evidence presented in this case into perspective, "non-alcoholic" cereal malt beverages are permitted by law to contain up to .5% alcohol. 27 C.F.R. 7.71(e) (2016). Accordingly, the substance discovered in Hernandez' cabinet in the hobby craft room contains 6.25 times *less* alcohol than "non-alcoholic" cereal malt beverages.

Accordingly, although there is some evidence in the record that the substance in question contained a very low amount of alcohol, we find no evidence in the record to support a conclusion that the substance was inherently capable of causing damage or injury as required. As such, we conclude that the record does not support a determination that the substance found in Hernandez' cabinet is dangerous contraband in violation of K.A.R. 44-12-901. Furthermore, because we reach this conclusion, it is unnecessary for us to reach the other issue presented in Hernandez' brief.

Reversed and remanded to the district court with directions to grant the K.S.A. 2015 Supp. 60-1501 petition and to order that the discipline imposed by the El Dorado Correctional Facility be rescinded.