NOT DESIGNATED FOR PUBLICATION

No. 117,679

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

OSCAR DELEON,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed December 22, 2017.
Affirmed.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Joni Cole*, legal counsel, of El Dorado Correctional Facility, for appellee.

Before STANDRIDGE, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: Kansas Department of Corrections inmate Oscar DeLeon was
accused of violating K.A.R. 44-12-325, promoting or representing a security threat group,
by having an N shaved into his head which letter was alleged to represent the Nortenos
gang. After an administrative disciplinary hearing, DeLeon was fined $5 and lost his
good time credit. DeLeon exhausted his administrative remedies and filed a writ of
habeas corpus with the district court. The district court dismissed DeLeon's writ of
habeas corpus, and DeLeon timely appealed. DeLeon denies the design was an N and on
appeal challenges the sufficiency of the evidence. We affirm.

1

On March 8, 2016, SST Brett Sissell observed a design cut into DeLeon's hair that looked like an N. The security threat group Nortenos utilizes the letter N. When SST Sissell confronted him, DeLeon claimed that the design was not an N, but a "'Z' swirl design." However, SST Sissell believed it was an N representing the Nortenos, and issued DeLeon a disciplinary report for violating K.A.R. 44-12-325 which, in part, prohibits inmates from promoting or assisting any security threat group.

A disciplinary report hearing was held on March 11, 2016. DeLeon attempted to present two motions at the hearing, but the "request was ignored." The first was a motion to dismiss, and the second was a motion for additional witness.

As the hearing continued, DeLeon testified the design in his hair was not an N but was a Z design. The hearing officer responded that he was going to postpone the rest of the hearing and discuss the design with the Enforcement Apprehensions and Investigations Unit (EAI). DeLeon objected to the hearing officer questioning the EAI officer outside of his presence. The hearing concluded for the day and resumed three days later. On March 14, 2016, both DeLeon and EAI Investigator O'Brien were present, and the hearing officer informed DeLeon that after consulting with EAI, he was finding him guilty of the disciplinary violation. The hearing officer then gave DeLeon the opportunity to question the EAI officer. However, DeLeon's request to read the testimony from the EAI officer that was taken outside of his presence was denied. DeLeon asked the EAI O'Brian whether he was an identified member of the Nortenos gang, but the hearing officer said the question was irrelevant. At the end of the hearing, the hearing officer issued DeLeon a $5 fine. DeLeon's unit team took away his good time credit at a later date.

DeLeon went through the proper administrative channels and filed a petition for writ of habeas corpus on April 22, 2016. On September 28, 2016, the district court in Butler County issued an order for hearing, which was held on December 23, 2016. At this hearing, the district court addressed the merits of the disciplinary report as well as procedural and due process concerns. DeLeon again testified that the design cut into his hair was a Z swirl design. In his testimony, he also pointed out that in order to take a photo of the design as an N, he had to hold his head down until they took the photo. Finally, DeLeon testified that he was not a member of the Nortenos gang, and he has never held himself out to others as being associated with the Nortenos.

The hearing officer also testified at this hearing that although the design cut into DeLeon's head could have been either an N or a Z, he spoke with an EAI agent who advised him the design was an N associated with the Nortenos gang.

The district court remanded the case back to El Dorado Correctional Facility (EDCF) for a new hearing. The district court sought specific findings on DeLeon's motions for an additional witness and to dismiss that were not heard at his disciplinary hearing. The EDCF was instructed to provide the results of the hearing to the district court, and at that time the court would either order further proceedings or make an order for dismissal.

DeLeon's rehearing took place on December 27, 2016, before a new hearing officer. The two motions that DeLeon previously presented were addressed at this hearing. DeLeon's motion to dismiss was denied due to the fact that K.A.R. 44-12-325 does not require proof of actual membership in a security threat group. His motion for an additional witness was granted. Additionally, the hearing officer found the following findings of fact:

3

"3. Oscar [DeLeon], #103189, is an offender in the custody of the Kansas Secretary of Corrections, and was issued DR 16-03-060 on Tuesday, March 8, 2016 by SST Brett Sissell . . .

"4. On the aforementioned date and time, SST Sissell observed offender [DeLeon] with a capital letter 'N' on top of his head which had been cut into his hair.

"5. Offender [DeLeon] did not deny having the mark on his head, but did deny that it was the letter 'N'.

"6. Photographic evidence was taken by SST Sissell. This evidence was reviewed and presented to the offender at the hearing and is hereto attached, and is incorporated as if fully set for herein.

"7. Officer Sissell was called and testified on behalf of EDCF and confirmed the contents of his report as true and correct, and further stated that he believed that the marking in Petition's head was [a] letter 'N' and appeared to be representative of a 'Security Threat Group' (SGT).

"8. EAI Investigator O'Brien . . . was called by EDCF and reviewed the photographic evidence taken by SST Sissell. O'Brien confirmed that the 'N' inscribed in [DeLeon's] head was representative of the SGT Group, 'Nortenos'.

"9. [DeLeon] called CSI I B. Wiemers to testify on his behalf. However, Wiemers did not have any specific recollections related to the subject matter."

Based on those findings of fact, the hearing officer again found DeLeon guilty of violating K.A.R. 44-12-325 and affirmed the previously assessed sanctions.

On February 21, 2017, the district court issued an order of dismissal. The district court found the rehearing satisfied any due process concerns that were lacking in the first hearing. The district court also found that some evidence supported the hearing officer's findings, and stated it would not "second guess the hearing officer's determination as to the factual matters presented." The district court dismissed DeLeon's petition. DeLeon timely filed his notice of appeal.

4

ANALYSIS

A challenge to the sufficiency of the evidence in a prison disciplinary proceeding is reviewed for "some evidence" to support the correctional tribunal. Determining whether this standard is satisfied does not require the reviewing court to examine the entire record, make an independent assessment of witness credibility, or reweigh the evidence. The relevant question is whether there is any evidence in the record to support the conclusion reached by the disciplinary authority. *May v. Cline*, 304 Kan. 671, 674, 372 P.3d 1242 (2016) (quoting *Sammons v. Simmons*, 267 Kan. 155, Syl. ¶ 3, 976 P.2d 505 [1999]).

There is some evidence in the record that supports the hearing officer's findings. There was a design cut into DeLeon's hair. SST Sissell testified he believed the design in DeLeon's hair was an N that appeared to represent or promote a security threat group. Likewise, EAI Investigator O'Brien also testified that the design in DeLeon's hair looked like an N and appeared to represent the Nortenos.

K.A.R. 44-12-325(c) states:

"Inmates shall not develop, organize, promote, or assist any security threat group and shall not engage in any activity calculated to incite a demonstration by any security threat group. Inmates shall not possess any item, whether in its original condition or in an altered state, associated or identified with any security threat group. 'Security threat group' shall mean any ongoing formal or informal organization, association, or group of three or more persons with a common name or identifying sign or symbol, but without specific approval by the warden."

The evidence in the record, including the testimony regarding the design cut into DeLeon's hair provides some evidence that DeLeon was promoting or associating with a security threat group—the Nortenos.

5

Affirmed.