NOT DESIGNATED FOR PUBLICATION

No. 119,618

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STANTON S. HOLT,
*Appellant*,

v.

DAN SCHNURR, WARDEN, EL DORADO CORRECTIONAL FACILITY,
*Appellees*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed December 14, 2018. Affirmed.

*Stanton S. Holt*, appellant pro se.

*Joni Cole*, legal counsel, of El Dorado Correctional Facility, for appellees.

Before HILL, P.J., BUSER, J., and SIDNEY R. THOMAS, District Judge, assigned.

PER CURIAM:  Unrepresented by counsel, prisoner Stanton S. Holt appeals the summary dismissal of his petition for writ of habeas corpus. He claims there was insufficient evidence to support his disciplinary conviction for possession of contraband found in the common area of his two-inmate cell. While there was not a great amount of evidence, there was "some evidence" that Holt possessed the contraband. Consequently, given our standard of review, we must affirm.

When Holt's cell at the El Dorado Correctional Facility was searched on August 30, 2017, several contraband items were found. Holt shared the cell with another inmate.

1

Holt received a disciplinary report alleging violations of K.A.R. 44-12-901 and K.A.R. 44-12-903 for possession of dangerous contraband and tobacco contraband. A hearing officer found Holt guilty and imposed sanctions of a 60-day restriction and a $25 fine. Holt appealed this to the Secretary of Corrections who, in turn, affirmed the decision, finding the hearing officer's decision was "based on some evidence." Holt then sought relief in district court.

So, as a result, Holt filed a "Motion to Correct an Unlawful Disciplinary Proceeding" in the Butler County District Court. He alleged he was intentionally placed in an "imminent dangerous situation" with another inmate by the disciplinary process and procedure because he and his cellmate were written identical disciplinary reports and both were found guilty even though neither claimed the contraband found in their cell was theirs.

He went on to allege that his due process and equal protection rights were violated because he was found guilty from a disciplinary report that did not state that the contraband found belonged to him or that he had any knowledge or participation in the offense.

The district court construed Holt's motion as a petition for writ of habeas corpus under K.S.A. 2017 Supp. 60-1501. The court found none of Holt's allegations shocking nor were they beyond fundamental fairness. The court decided summary dismissal was appropriate because due process only demanded the hearing officer's decision be supported by "some evidence" and "some evidence" of Holt's guilt was shown under the theory of constructive possession. The court reasoned:

> "By examining the pleadings and records in this case, there appears ample evidence that both inmates at least constructively possessed the contraband. In the close confines of a two-man cell, there really is no area that is not equally accessible to both. In

2

such an instance, it is hard to credibly argue against joint possession or dominion. The cell was the 'exclusive domain' of both Holt and his roommate.

"It is important to note that this situation is distinguishable from those cases involving contraband found in a common area such as a day room, hallway, kitchen or other prison area accessible to many inmates where a constructive possession rule has no application. Significantly, Holt makes no claim that his cell had become a traffic way or gathering place for a multitude of other prisoners. In fact, he strenuously argues that the cell mate and only him was the other actor in this scenario and would not take his 'weight of fault and blame.' The constructive possession rule provides 'some evidence' of guilt when, as here, access is significantly limited to one or two persons."

Now, in this appeal, Holt contends the district court erred in finding there was sufficient evidence to support his conviction for contraband found in the common area of his two-inmate cell. He argues that he and his cellmate were given identical disciplinary reports and there were no facts stated in the disciplinary report that any contraband was found in his personal property, assigned bunk area, or assigned cabinet space in the cell. He asserts this was unlawful and violated his due process and equal protection rights.

Since Holt does not explain how his equal protection rights were implicated, only his due process rights will be examined. See *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017). We now review some fundamental points of law.

To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). A due process violation is such a claim. Inmates have a due process right prohibiting the arbitrary deprivation of their constitutionally protected interests through prison disciplinary proceedings. *Superintendent v. Hill*, 472 U.S. 445, 453-55, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985). A monetary fine implicates a protected property interest. *Sauls v. McKune*, 45 Kan. App. 2d 915, 920, 260 P.3d 95 (2011). When the sufficiency of evidence is challenged in a

prison disciplinary action, the requirements of due process are satisfied if "some evidence" supports the decision. *May v. Cline*, 304 Kan. 671, 674, 372 P.3d 1242 (2016). In other words:

> "Due process is satisfied in the context of an inmate disciplinary proceeding if there is any evidence in the record, even evidence which could be characterized as meager, that could support the conclusion of the disciplinary authority. Due process does not require that the evidence preclude other possible outcomes or conclusions, only that the evidence provides some support for the conclusion reached by the disciplinary authority such that the decision is not arbitrary." 304 Kan. 671, Syl. ¶ 1.

We are mindful that a more stringent evidentiary standard is not required because "[p]rison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances." *Hill*, 472 U.S. at 456. We have unlimited review over the legal question of whether an inmate has been afforded due process. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

Finally, summary dismissal of a K.S.A. 60-1501 petition is appropriate "[i]f it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief in the district court." K.S.A. 2017 Supp. 60-1503(a). An appellate court exercises unlimited review of a summary dismissal. *Johnson*, 289 Kan. at 649. Upon review, we must accept the facts alleged in the petition as true and determine whether the alleged facts state a claim. *Hogue*, 279 Kan. at 850.

Here, there is no real dispute about the facts. Instead, Holt disputes that just because he was one of two inmates in a two-inmate cell where contraband was found, that does not prove him guilty of possession of that contraband. It is not "some evidence" as the law requires.

Prior cases force us to reject Holt's view. We review three.

Several Kansas cases involve contraband found in a two-inmate cell. In *Ross v. Cline*, No. 118,733, 2018 WL 3946117, at *1, 4 (Kan. App. 2018) (unpublished opinion), a panel of this court found some evidence supported disciplinary action against an inmate when:

- methamphetamine and a cellphone were found in the false bottom of a legal box on the floor of the inmate's cell;
- the inmate shared the cell with a cellmate;
- methamphetamine was also located on the cellmate's person;
- the cellmate had equal access to the box, but the legal box belonged to the inmate and contained his legal mail.

In *Henry v. Heimgartner*, No. 113,395, 2016 WL 368103, at *1, 3 (Kan. App. 2016) (unpublished opinion), a panel of this court found some evidence supported disciplinary action against an inmate when:

- synthetic cannabis was found under a desk in a cell occupied by only the inmate and a cellmate;
- the desk was used by the inmate;
- the inmate admitted to possessing other items of contraband in the cell; and
- the inmate did not initially deny possessing the green leafy substance, but rather told the correctional officer that it was tea.

In *Calhoun v. Secretary of Corrections*, No. 111,977, 2015 WL 1310962, at *1, 3 (Kan. App. 2015) (unpublished opinion), a panel of this court found some evidence supported disciplinary action against an inmate when:

- a razor blade was found affixed to the bottom of the inmate's cell door;
- the inmate shared the cell with a cellmate;

5

- the inmate offered to admit possession if the offense was amended from a class I to a class II disciplinary violation; and

- although the razor was not exclusively within the inmate's control, it was within his "sphere of control" or, in other words, his constructive possession.

The court stated that the "mere fact that others may also have had access to this area does not render the hearing officer's decision . . . devoid of evidentiary support." 2015 WL 1310962, at *3. There is a limit, though.

When "more than a few" inmates had access to the space where contraband was located, this court has found insufficient evidence. In *Brouillard v. Warden, El Dorado Correctional Facility*, No. 106,965, 2012 WL 4679923, at *1, 3 (Kan. App. 2012) (unpublished opinion), a panel of this court found insufficient evidence supporting a prison disciplinary sanction when pornography and betting slips were found on a computer in an offsite workspace that more than a few inmates used on a daily basis and the contraband could not be attributed to the inmate charged any more than to the other inmates that used the computer.

Here, contraband was located in a two-inmate cell. On the cell's desk area, a correctional officer located hand-rolled sections of toilet paper wrapping with a green and brown botanical substance protruding from within, one razor blade, one bread tie with burn marks at both ends, three sections of graphite with burn marks, one single outlet surge protector with burn marks, and one staple with burn marks. In the upper bedding area, the officer located another hand rolled section of toilet paper wrapping with green and brown botanical substance protruding from within. In the cell's desk, the officer located two sections of toilet paper wrapping with two rectangular sections removed. The record does not indicate who slept in the bedding area in question. Holt alleged the contraband was found in a common area of the cell. Holt alleged he was not present at the

time of the search. But Holt admitted the surge protector was his, that he had the surge protector for seven years, and it was not burnt at any of his previous "shake downs."

The contraband was found in various places in the cell within Holt's sphere of control. The surge protector belonged to him. Only Holt and one other inmate had access to the cell. While there is not a huge amount of evidence, under Kansas caselaw, it is some evidence of Holt's possession of the contraband.

Affirmed.