NOT DESIGNATED FOR PUBLICATION

No. 119,068

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TYRON JAMES,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee.*

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed January 11, 2019.
Affirmed.

*Tyron James*, appellant pro se.

*Joni Cole*, legal counsel, El Dorado Correctional Facility, for appellee.

Before STANDRIDGE, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM: Tyron James appeals the district court's summary dismissal of his K.S.A. 60-1501 habeas corpus petition. James contends his due process rights were violated during a disciplinary hearing in which the hearing officer found he had possessed dangerous contraband in violation of K.A.R. 44-12-901. We find no error by the district court and affirm.

1

FACTS AND PROCEDURAL BACKGROUND

James is an inmate in the custody of the Kansas Department of Corrections. On October 29, 2016, a corrections officer served James with a disciplinary report for possession of dangerous contraband along with a witness request form. In the report, Officer Allen Mason stated he located a metallic item while searching James' property with a scanner. Mason found a small cylindrical piece of metal, which he photographed and logged into evidence as a "double headed nail" that had been bent and shaped. Since he found the item in James' property, Mason charged James with possessing dangerous contraband in violation of K.A.R. 44-12-901. Mason's report of the incident bears conflicting dates, showing in the narrative that the object was found on November 25, 2016, almost a month after the date shown elsewhere for the report's preparation.

James pled not guilty to the charge and appeared before a hearing officer on November 1, 2016. At that disciplinary hearing, James admitted to possessing the alleged contraband, but claimed it was given to him when he ordered a fan. James said the item was a key used to open his fan for cleaning. The hearing officer continued the hearing to review the evidence and, after doing so, found the preponderance of the evidence showed James guilty of possessing dangerous contraband. The hearing officer found "[t]he device was not part of the fans [*sic*] as the offender stated, but it was a homemade device." For the violation, the hearing officer imposed a $15 fine and ordered 10 days of disciplinary segregation.

After exhausting his administrative remedies, James filed a K.S.A. 60-1501 habeas corpus petition in the Butler County District Court. In this petition, James asserted his due process rights were violated because:  (1) the hearing officer failed to show him the incriminating evidence; (2) the hearing officer did not reveal what evidence he relied on to find him guilty; (3) he did not receive the disciplinary report within the proper time

limit; and (4) the hearing officer failed to make a complete record. The district court summarily dismissed James' petition and James timely appeals.

ANALYSIS

James now reasserts the four issues he raised before the district court. To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2017 Supp. 60-1503(a). Our review of a summary dismissal is unlimited. 289 Kan. at 649.

Procedural due process constrains government actions that impair a person's protected property right or liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"). The $15 fine imposed on James impaired a property right that triggered due process protections. See *Washington v. Roberts*, 37 Kan. App. 2d 237, 240-41, 152 P.3d 660 (2007).

Due process is not a technical concept "'with a fixed content unrelated to time, place and circumstances,'" but is "flexible and calls for such procedural protections as the particular situation demands." *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 627, 24 P.3d 128 (2001). In a prison disciplinary proceeding, an inmate's constitutional right to procedural due process entails: (1) an impartial hearing; (2) a written notice of the charges sufficient to permit preparation of a defense; (3) an opportunity to call witnesses and to present evidence; and (4) a written statement of the

3

factual findings and reasons for the disciplinary decision. See 271 Kan. at 627 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-66, 94 S. Ct. 2963, 41 L. Ed. 2d 935 [1974]).

In reviewing a K.S.A. 60-1501 petitioner's claim of insufficient evidence, due process requirements are satisfied if "some evidence" supports the disciplinary decision. *May v. Cline*, 304 Kan. 671, 674, 372 P.3d 1242 (2016). To decide whether this standard is met, we do not review the entire record, make an independent assessment of witness credibility, or reweigh the evidence. The relevant question is simply whether there is any evidence in the record that could support the disciplinary authority's conclusion. 304 Kan. at 674 (quoting *Sammons v. Simmons*, 267 Kan. 155, Syl. ¶ 3, 976 P.2d 505 [1999]).

*Failure to show James the incriminating evidence*

James first argues his due process rights were violated because the hearing officer did not allow him to view the evidence against him. During the disciplinary hearing, James waived the reporting officer's testimony and the record does not address whether James asked to view the physical evidence. But James now claims he did make a request to view the evidence, which the hearing officer denied and failed to record.

Even if we were to assume James asked to see the metal device and was denied the opportunity, the record incontrovertibly shows he was completely familiar with the object. James admitted to possessing the item and based his defense on a representation it was merely a key used to open his fan for cleaning, not on questions about the object itself. James fails to suggest how viewing the item would have helped his defense or would have changed the outcome of the disciplinary hearing.

The denial of a constitutional right may be deemed harmless if this court finds beyond a reasonable doubt that the error did not affect the outcome of the disciplinary hearing in light of the entire record. *Sauls v. McKune*, 45 Kan. App. 2d 915, 921, 260

4

P.3d 95 (2011). Given the undisputed facts, it is clear, beyond a reasonable doubt, that any failure to let James see the metal object would have had little, if any, likelihood of affecting the outcome of his disciplinary hearing.

*Failure to state the evidence relied on for finding of guilt*

James next argues his due process rights were violated because the hearing officer did not state what evidence was relied on to find James guilty. As James asserts, due process requires the fact-finder to provide a written statement of the findings and the reasons for the disciplinary decision. See *Pierpoint*, 271 Kan. at 627. Contrary to James' argument, however, the hearing officer stated the evidence relied on for the finding of guilt.

In the written "Disposition of Disciplinary Case," the hearing officer included James' admission that the metal object was located in his property and recorded his contention it had been given to him when he ordered his fan as a key to allow cleaning. The hearing officer continued the hearing until the evidence could be reviewed and, having done so, found "[t]he device was not part of the fans [*sic*] as the offender stated, but it was a homemade device." The hearing officer based the conclusion that James was guilty, therefore, on the decision James' explanation was not credible. The reason for the disciplinary finding was clear and was stated in writing. James' argument is contrary to the record.

*Timeliness of providing the disciplinary report*

James next alleges a due process violation because he did not timely receive his disciplinary report. K.A.R. 44-13-201(a)(1) directs that an inmate must be notified in writing by personal service of a copy of a disciplinary report within 48 hours after the report is issued.

The disciplinary report in this case shows that a corrections officer served it on James on October 29, 2016, at 12:21 a.m. and that James refused to sign the report to acknowledge receipt. In the fact section of the report, Mason wrote that he found the contraband on "11-25-16." James now speculates that Mason mistakenly put the date down as November instead of October, so the metal object actually was found on October 25, 2016. By that reasoning, James argues he was served with the report more than 48 hours after issuance.

From the undisputed timeframe for the events, Mason clearly was wrong in recording his factual narrative that he found the metallic item on "11-25-16" at about 11:25 a.m. However, elsewhere in the report, Mason noted the alleged violation took place on "10-28-16," at 11:25 a.m., and states he wrote the disciplinary report an hour and twenty minutes later, on "10-28-16," at 12:45 p.m.

The conflicting dates in the report ultimately bear no significance with respect to the claim James now raises. The record includes the "Acknowledgments/Inmate Waiver of Rights," shown to have been signed by the hearing officer on the date of the hearing. Among the acknowledgments recorded in that document is James' admission that "I received a copy of the Disciplinary Report and was advised of the charge within 48 hours after issuance of the report." James' claim of untimely service is without merit.

*Record of the disciplinary hearing*

Finally, James argues his due process rights were violated because the hearing officer's record was incomplete. Specifically, James claims he told the hearing officer he had received the object—which he described as a fan key—through the canteen with the fan and he did not know whether that was a mistake. He contends he also told the hearing officer the object had not been made an issue either at his previous facility or when his property was transferred to the El Dorado Correctional Facility. James maintains the

6

hearing officer found him guilty without investigating these allegations about the history behind his possession of the object and he therefore acted as a biased prosecutor who suppressed evidence of James' innocence, rather than as an investigator who sought the truth of the charge.

The record does not support James' contention that the hearing officer failed to consider his statements about the metal object. To the contrary, the record shows the hearing officer considered James' explanation of the object's origin to be a sufficient reason to continue the hearing until the evidence could be reviewed. Once that was done, the hearing officer found James guilty of the charge based on the officer's factual determination that "it was a homemade device," rather than part of the fan as James claimed. In other words, the officer considered, and rejected, James' testimony and duly recorded that finding as the basis for the finding he was guilty of possession of contraband.

K.A.R. 44-13-502a requires a complete written record of the disciplinary hearing. Among the elements to be included is a summary of all the evidence relied on to find the inmate guilty of the charge, including a summary of the testimony or sworn statements from each witness. K.A.R. 44-13-502a(c)(2). The regulation does not require the hearing officer to write a verbatim transcript of the proceedings. In this case, the hearing officer sufficiently summarized the essence of James' testimony. The hearing officer found the item was not part of the fan, which is a credibility finding that we do not independently reassess. And the other testimony James argues was omitted, whether this metal object had been an issue in the past, would not foreclose a finding by the hearing officer that it constituted dangerous contraband. James' claim of bias and suppression in failing to record this part of his testimony is not persuasive.

7

*Conclusion*

"An inmate claiming a violation of his constitutional rights in a habeas corpus proceeding pursuant to K.S.A. 60–1501 *et seq.* carries the burden of proof to establish such a violation." *Anderson v. McKune*, 23 Kan. App. 2d 803, Syl. ¶ 4, 937 P.2d 16 (1997). Even if James' factual allegations were to be accepted as true, they would not provide a basis to find a constitutional violation. The district court committed no error in summarily dismissing James' petition.

Affirmed.