NOT DESIGNATED FOR PUBLICATION

No. 122,879

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PONCH SAEYIEM,
*Appellant*,

v.

PAUL SNYDER, WARDEN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Cowley District Court; CHRISTOPHER SMITH, judge. Opinion filed December 11, 2020. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie St. Peter*, legal counsel, of Winfield Correctional Facility, the Kansas Department of Corrections, for appellee.

Before GREEN, P.J., MALONE, J., and MCANANY, S.J.

PER CURIAM: Ponch Saeyiem, an inmate at the Winfield Correctional Facility who worked as a kitchen porter, was found guilty of theft after a video camera recorded him distributing slices of pie to other inmates in the kitchen breakroom. On appeal, Saeyiem argues the district court erred in summarily dismissing his K.S.A. 60-1501 petition. He contends that insufficient evidence supported the hearing officer's conclusion.

There was testimony presented at the disciplinary hearing that on the day of this incident, inmate Knopp prepared 14 pies by unwrapping, cutting, and then rewrapping them. They were then distributed to various buildings in the prison complex. There were

1

two pies left that Knopp had not prepared. Knopp left the two unwrapped pies in a box to be locked up.

The next day, Darrell Fromm, of Aramark—the prison's food service provider, reported that the box containing the two unwrapped pies had been stolen from the kitchen. At about the same time the pies were reported missing, Saeyiem was captured on video carrying a pie covered with a towel into the kitchen breakroom. The pie was sealed like the 14 pies Knopp had previously prepared. Once in the breakroom, Saeyiem uncovered the pie, removed its plastic seal and lid, sliced the pie, and distributed the slices to other inmates in the breakroom. The corrections supervisor who prepared the disciplinary report questioned Saeyiem, who admitted that he took one of the missing pies from an ice chest hidden in the porter's closet and shared it with other inmates as shown in the video. This disciplinary report was later read into the record at the disciplinary hearing.

The corrections supervisor charged Saeyiem with theft under K.A.R. 44-12-203. At the disciplinary hearing that followed, Saeyiem was found guilty and his sanction included a $20 fine.

After exhausting his administrative remedies, Saeyiem filed a K.S.A. 60-1501 petition in the district court asserting, among other things, that the hearing officer violated his due process rights because insufficient evidence supported a finding of theft. The district court summarily dismissed Saeyiem's petition, finding there was some evidence that supported his conviction.

Saeyiem's appeal brings the matter to us. His sole contention on appeal is that the hearing officer violated his due process rights because there was insufficient evidence introduced at the disciplinary hearing to establish that he was guilty of theft.

2

On appeal we review the summary dismissal of Saeyiem's K.S.A. 60-1501 action de novo. See *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009). To state a claim for relief under K.S.A. 60-1501 and avoid summary dismissal, Saeyiem must have alleged in his petition "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." 289 Kan. at 648. "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from incontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2019 Supp. 60-1503(a).

When considering due process violation claims, we apply a two-step analysis. First, we determine whether the State has deprived the inmate of life, liberty, or property. If so, the second step is to determine the extent and nature of the process due. *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007).

In considering the first step of our analysis, we note that a monetary fine implicates a protected property interest. *Sauls v. McKune*, 45 Kan. App. 2d 915, 920, 260 P.3d 95 (2011). Here, Saeyiem was ordered to pay a $20 fine as one of his sanctions. Thus, a protected property interest has been implicated.

In considering the second step, we note that an inmate has a due process right in a disciplinary proceeding to an impartial hearing, a written notice of the charges to enable the inmate to prepare a defense, a written statement of the findings by the fact-finders as to the evidence and the reasons for the decision, and the opportunity to call witnesses and present documentary evidence. *Washington*, 37 Kan. App. 2d at 241. Saeyiem does not claim in this appeal a violation of any of those due process rights. Rather, he claims the evidence was insufficient to support his conviction. When, as here, the sufficiency of the evidence is challenged in a prison disciplinary action, due process requires "'some

3

evidence'" to support the decision. *May v. Cline*, 304 Kan. 671, 674, 372 P.3d 1242 (2016). The *May* court stated:

> "Due process is satisfied in the context of an inmate disciplinary proceeding if there is any evidence in the record, even evidence which could be characterized as meager, that could support the conclusion of the disciplinary authority. Due process does not require that the evidence preclude other possible outcomes or conclusions, only that the evidence provides some support for the conclusion reached by the disciplinary authority such that the decision is not arbitrary." 304 Kan. 671, Syl. ¶ 1.

Saeyiem was charged and convicted of theft by obtaining possession of stolen property, a violation of K.A.R. 44-12-203, which provides:

> "(a) Theft shall include any of the following acts done with intent to deprive the owner permanently of the possession, use, or benefit of the owner's property or services:
> . . . .
> (4) obtaining control over stolen property or services and knowing the property or services to have been stolen by another."

Thus, for the conviction to stand, there must be some evidence that (1) Saeyiem took the pie, (2) he knew the pie had been stolen by someone, and (3) he took it with the intent to permanently deprive the pie's owner of its possession.

Sufficient evidence supports each element. Saeyiem admitted to taking the pie. There is evidence the pie had been stolen. Saeyiem, who worked as a porter, testified that the kitchen employees never stored food in the porter closet. Saeyiem found the pie hidden in an ice chest in the porter closet. The pie was covered by a dish towel. One can easily infer this was done to avoid detection by the prison's food services contractor or the prison authorities.

4

Saeyiem admitted that he did not obtain permission to take the pie from the porter closet. He claimed he did not need permission to take the pie because food prepared and distributed throughout the prison, which was returned to the kitchen uneaten, was available to be eaten without permission. But the stolen pie clearly was not uneaten food returned to the kitchen. The pie had not been prepared to be served, and it was found hidden in the porter closet. The pie was not prepared to be served until Saeyiem did so when he took the pie to the breakroom. The video of him taking the pie to the breakroom and sharing it with other inmates was admitted into evidence. By sharing the pie with other inmates in the kitchen breakroom, Saeyiem intended to permanently deprive the pie's owner of its possession.

Saeyiem argues that there was no evidence establishing the identity of the rightful owner of the pie. Saeyiem provides no authority to support the notion that this evidence is necessary to satisfy the "some evidence" standard of proof that applies in prisoner disciplinary proceedings. Nevertheless, we can easily infer from the evidence that the prison's food service contractor—Aramark—was the rightful owner of the stolen pie.

Some evidence supports each element of the charged offense. Accordingly, the hearing officer's conclusion that Saeyiem violated K.A.R. 44-12-203 based on this evidence does not offend due process. The district court did not err by summarily dismissing Saeyiem's K.S.A. 60-1501 petition.

Affirmed.