NOT DESIGNATED FOR PUBLICATION

No. 122,938

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

THOMAS EUGENE JENKINS,
*Appellant*,

v.

SECRETARY OF CORRECTIONS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed December 11, 2020. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Joni Cole*, legal counsel, El Dorado Correctional Facility, for appellee.

Before GREEN, P.J., MALONE, J., and MCANANY, S.J.

PER CURIAM: Thomas Eugene Jenkins is an inmate at the El Dorado Correctional Facility. Following a prison disciplinary hearing, he was found guilty of fighting in violation of K.A.R. 44-12-301 (2019 Supp.). He filed a K.S.A. 60-1501 action against the Kansas Secretary of Corrections in which he contended that his due process rights were violated because there was insufficient evidence to support the finding that he violated K.A.R. 44-12-301. The district court summarily dismissed Jenkins' petition, finding that some evidence supported the disciplinary hearing officer's decision. Jenkins' appeal brings the matter to us.

1

The uncontroverted record establishes that on October 27, 2019, at the El Dorado Correctional Facility, prison staff member Christopher Finch prepared a disciplinary report in which he reported that Jenkins and another inmate named Ford were involved in an altercation. Finch charged Jenkins with fighting under K.A.R. 44-12-301. On October 30, 2019, Jenkins was served with an Inmate Disciplinary Summons for a hearing on October 31, 2019.

The October 31 hearing apparently was rescheduled to November 1, 2019. Jenkins attended the November 1 hearing by phone. Jenkins testified that he did not hit anyone and that no one hit him. He recounted the entirety of the incident by stating that Ford walked toward him and flinched like he was going to hit Jenkins. Jenkins told the inmate not to do that and then walked back to his cell.

The hearing officer viewed the video of the incident, which he described as showing the following:

"[O]n 10/27/2019 at 1640:22 Jenkins takes the bleach bottle off the officer[']s desk and begins [w]alking back towards his cell D1-200. Ford then approached Jenkins from the phone area as Jenkins is walking towards his cell. At 1640:32 offender Ford lunges at Jenkins but stops and does not make contact. Jenkins then grabs Ford by the throat with both [o]f his hands and picks Ford up off the ground. He then pushes Ford away and Ford pushes Jenkins back. The offenders then [h]ave a verbal exchange until 1640:40 when the offenders walk back to their cells as the R/o approaches them."

Jenkins informed the hearing officer that he did not wish to call any witnesses and that he waived his right to question the reporting officer. Jenkins also informed the hearing officer that he wanted to submit a motion to dismiss. Accordingly, the hearing officer continued the hearing to permit Jenkins to submit his motion to the hearing officer for his review.

2

Jenkins submitted his handwritten motion to dismiss, which was based on (1) a theory of self-defense, (2) his contention that the video of the altercation showed he acted in self-defense, and (3) the fact that he had no history of ever engaging in a fight.

At the reconvened hearing on November 4, 2019, the hearing officer acknowledged receipt of the motion to dismiss and, after viewing the video, denied the motion on the grounds that the video did not show that Jenkins was acting in self-defense. Jenkins had nothing further to add, waived his right to question the reporting officer, and called no further witnesses.

The hearing officer found by a preponderance of the evidence that Jenkins violated K.A.R. 44-12-301 by actively involving himself "in a physical altercation with another offender" and that he did not act in self-defense but rather acted "in retaliation towards the other offender." Jenkins' sanctions were restricted privileges for 60 days, a $20 fine, 15 days in disciplinary segregation that was suspended for 180 days.

Jenkins pursued his administrative rights. He contended that under K.A.R. 44-12-301 the absence of self-defense is an element of the offense which the disciplinary authority had to prove. He argued that his due process rights were violated because there was insufficient evidence to support the hearing officer's finding of guilt. Jenkins' posthearing efforts for administrative relief were unsuccessful so he sought relief in the district court.

Jenkins filed his K.S.A. 60-1501 petition for a writ of habeas corpus in Butler County District Court. In his petition, he alleged that the other inmate lunged at him as if to hit him and that Jenkins then grabbed the other inmate by the throat and pushed him away. He stated he was harmed because, among other things, he had to pay a $20 fine.

Jenkins claimed that the disciplinary action should have been dismissed because he acted in self-defense. He contended that he was not afforded due process because there was insufficient evidence to support the guilty finding, and the guilty finding was arbitrary because the disciplining authority failed to prove all elements of the offense. He asked the district court to reverse and vacate the guilty finding and to dismiss the charge. Alternatively, he asked the court to remand the matter for a new hearing.

On February 27, 2020, the district court entered an order summarily dismissing Jenkins' K.S.A. 60-1501 petition. The court found that Jenkins was given his due process rights and that there was sufficient evidence supporting the hearing officer's decision.

Jenkins moved for reconsideration, which the district court denied. This appeal followed.

On appeal we review the summary dismissal of Jenkins' K.S.A. 60-1501 action de novo. See *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009). To state a claim for relief under K.S.A. 60-1501 and avoid summary dismissal, Jenkins must have alleged in his petition "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." 289 Kan. at 648. "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from incontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2019 Supp. 60-1503(a).

On appeal, Jenkins argues that his due process rights were violated because the disciplinary hearing officer's finding that Jenkins violated K.A.R. 44-12-301 was based on insufficient evidence. Inmates have a due process right not to be subjected to the arbitrary deprivation of their constitutionally protected interests through prison

4

disciplinary proceedings. *Superintendent v. Hill*, 472 U.S. 445, 453-55, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985).

When considering due process violation claims, we apply a two-step analysis. First, we determine whether the State has deprived the inmate of life, liberty, or property. If so, the second step is to determine the extent and nature of the process due. *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007).

In considering the first step of our analysis, we note that a monetary fine implicates a protected property interest. See *Sauls v. McKune*, 45 Kan. App. 2d 915, 920, 260 P.3d 95 (2011). Here, Jenkins was ordered to pay a $20 fine as one of his sanctions. Thus, a protected property interest has been implicated.

In considering the second step, we note that an inmate has a due process right in a disciplinary proceeding to an impartial hearing, a written notice of the charges to enable the inmate to prepare a defense, a written statement of the findings by the fact-finders as to the evidence and the reasons for the decision, and the opportunity to call witnesses and present documentary evidence. *Washington*, 37 Kan. App. 2d at 241. Jenkins does not claim any violation of those due process rights. But when, as here, the sufficiency of the evidence is challenged in a prison disciplinary action, due process requires "some evidence" to support the decision. *May v. Cline*, 304 Kan. 671, 674, 372 P.3d 1242 (2016). The *May* court stated:

> "Due process is satisfied in the context of an inmate disciplinary proceeding if there is any evidence in the record, even evidence which could be characterized as meager, that could support the conclusion of the disciplinary authority. Due process does not require that the evidence preclude other possible outcomes or conclusions, only that the evidence provides some support for the conclusion reached by the disciplinary authority such that the decision is not arbitrary." 304 Kan. 671, Syl. ¶ 1.

5

Jenkins contends that K.A.R. 44-12-301, the regulation he was found to have violated, required the disciplinary authority to prove, as an element of the offense, that he was not acting in self-defense. This contention is incorrect. Before June 2016, K.A.R. 44-12-301 provided: "Fighting or other activity which constitutes violence, or which is likely to lead to violence, is prohibited unless such activity is in self-defense. Violation of this rule shall be a class I offense." K.A.R. 44-12-301 (2016 Supp.). In *May*, the Kansas Supreme Court held that this version of K.A.R. 44-12-301 "clearly and unambiguously makes the absence of self-defense an *element* of the offense itself." 304 Kan. at 676. Thus, the burden was on the disciplinary authority to prove that the inmate was not acting in self-defense. 304 Kan. at 676.

K.A.R. 44-12-301 was substantially amended after the Kansas Supreme Court issued its opinion in *May*. The regulation was amended to read as follows:

"(a) Fighting or any other activity that constitutes violence or is likely to lead to violence shall be prohibited.

"(b) It shall be an affirmative defense, for which the offender shall bear the sole burden of proof, if the offender is engaged in self-defense.

"(c) Violation of this regulation shall be a class I offense." K.A.R. 44-12-301 (2019 Supp.).

This amended version of K.A.R. 44-12-301 applies to Jenkins' case. Under this regulation Jenkins bears the sole burden of proving that he acted in self-defense.

In our de novo review we find some evidence to support the hearing officer's finding. In the original incident report, the reporting officer declared under penalty of perjury that he saw Jenkins and Ford fighting. This was corroborated by the events recorded in the video introduced at the hearing.

Jenkins has not provided any evidence that he acted in self-defense. To the contrary, he denied in his testimony that he had any physical contact whatsoever with Ford in this incident. At the initial hearing before the hearing officer, Jenkins testified that "he didn't hit anyone and nobody hit him." He stated that Ford "flinched at me acting like he [w]as going to hit me. I turned to him and told him not to do that then I walked up the stairs back to my cell." At the continuation of the hearing three days later, after submitting his motion to dismiss in which he asserted self-defense for the first time, Jenkins was given the opportunity to add to his testimony. That would have been the time for Jenkins to provide additional testimony to explain how he acted in self-defense. Jenkins chose not to do so or to present any evidence to support his claim of self-defense.

We conclude that there was some evidence that Jenkins violated K.A.R. 44-12-301 and that Jenkins failed to meet his burden to present evidence at his disciplinary hearings that he acted in self-defense. The district court did not err in its ultimate conclusion to summarily dismiss Jenkins' K.S.A. 60-1501 petition.

Affirmed.